

# THE ATTORNEY GENERAL
# OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

July 13, 1949

Hon. Robert W. Hillin          Opinion No. V-853.
District Attorney
1st Judicial District          Re: The legality of appointment
Jasper, Texas                       of the half-brother of an
                                    independent school district
                                    trustee as tax assessor-
                                    collector for the district,
Dear Sir:                           under the submitted facts.

You have requested an opinion relative to the construction of Articles 432-435, V.P.C. (Nepotism Law). In connection with the request you submitted the following facts:

> "Recently a Mr. Yeager was duly elected to the Board of Trustees of the Brookeland Independent School District, but before he qualified as such, his half-brother was appointed by the Board of Trustees as Tax Assessor Collector for the District. Since the appointment of the Tax Assessor Collector Mr. Yeager has qualified as trustee and is now a duly elected and qualified member of the Board. The question has arisen as to whether or not this constitutes a violation of the nepotism laws Article 432-435 inclusives P.C. 1925 since Yeager will be a duly elected and qualified trustee and will necessarily have to approve the account of the compensation of a Tax Assessor Collector."

In answer to our request for additional information you have informed us that the half brother of the newly elected trustee qualified as tax assessor-collector of the school district prior to the time the newly elected member qualified as a member of the board of trustees.

Article 432, V.P.C., as amended by H. B. 508, Acts of the 51st Legislature, 1949, provides:

"No officer of this State or any officer
of any district, county, city precinct, school
district, or other municipal subdivision of
this State, or any officer or member of any
State, district, county, city school district
or other municipal board, or judge of any
court, created by or under authority of any
General or Special Law of this State, or any
member of the Legislature, shall appoint, or
vote for, or confirm the appointment to any
office, position, clerkship, employment or
duty, of any person related within the second
degree by affinity or within the third degree
by consanguinity to the person so appointing
or so voting, or to any other member of any
such board, the Legislature, or court of which
such person so appointing or voting may be a
member, when the salary, fees, or compensation
of such appointee is to be paid for, directly
or indirectly, out of or from public funds or
fees of office of any kind or character what-
soever; provided, that nothing herein contain-
ed shall prevent the appointment, voting for,
or confirmation of any person who shall have
been continuously employed in any such office,
position, clerkship, employment or duty for a
period of two (2) years prior to the election
or appointment of the officer or member ap-
pointing, voting for, or confirming the ap-
pointment of such person to such office, posi-
tion, clerkship, employment or duty."

It was held in Attorney General's Opinion No.
V-184 that the election of a school trustee who is re-
lated within the prohibitive degree to the teacher who
had been previously employed would not operate retro-
actively to void the contract. Attorney General's Opin-
ion No. V-184 followed the holding in Attorney General's
Opinion No. 0-6330, which held that the Nepotism Laws
were not violated where the prohibitive degree of rela-
tionship between the teacher and trustee did not exist
at the time the teaching contract was made and that the
teacher could complete the term of the existing contract
without resignation of the trustee in question since
the prohibitive degree of relationship did not exist at
the time of the employment. It was further held, how-
ever, that any new contract made between the Board of
Trustees and the teacher in question would be invalid
as in violation of Article 432, V.P.C.

Since the half-brother of the newly elected member of the board of trustees was appointed and qualified as tax assessor-collector for the independent school district prior to the time the newly elected member of the board qualified as trustee for the district, you are advised that the action of the board of trustees of the Brookeland Independent School District appointing the half-brother of the newly elected member of the board, did not violate the provisions of Article 432, V.P.C.

## SUMMARY

When a person is appointed tax assessor-collector of an independent school district by the board of trustees of such district and qualifies prior to the time a newly elected member of the board to whom he is related within the prohibitive degree qualifies as member of the board of trustees, there has been no violation by the board of Article 432, V.P.C.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By _John Reeves_
John Reeves
Assistant

JR:bh

APPROVED

_Joe R. Greenhill_

FIRST ASSISTANT
ATTORNEY GENERAL